Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff.
PAUL WILSON

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA,
SACRAMENTO DIVISION**

PAUL WILSON,                                 )   **Case No.:**
                                             )
              Plaintiff,                     )   **VERIFIED COMPLAINT AND DEMAND**
                                             )   **FOR JURY TRIAL**
       v.                                    )
                                             )   **(Unlawful Debt Collection Practices)**
NCO FINANCIAL SYSTEMS, INC.,                 )
                                             )
              Defendant.                     )
_____)

**VERIFIED COMPLAINT**

       PAUL WILSON (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the

following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices

   Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States

   Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt

   collection practices by many debt collectors, and has determined that abusive debt

   collection practices contribute to the number of personal bankruptcies, to marital

   instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the

   FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that

   those debt collectors who refrain from using abusive debt collection practices are not

- 1 -

competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Count II of Plaintiff's Verified Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA). The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. *Cal. Civ. Code §1788.1(a) – (b).*

3. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

6. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

VERIFIED COMPLAINT

7.  Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

8.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

9.  Plaintiff is a natural person who resides in Hunting Beach, Orange County, California, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

10. Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff, and Plaintiff is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

11. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

12. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

13. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

## FACTUAL ALLEGATIONS

14. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see Plaintiff's picture of the caller ID attached as group Exhibit A).

15. Defendant is attempting to collect a debt that is beyond the statue of limitations.

16. Defendant used offensive language when speaking with Plaintiff on the telephone.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Defendant violated the FDCPA based on the following:

    a.  Defendant violated *§1692c(a)(1)* of the FDCPA by placing a collection call to Plaintiff before 8:00 a.m. (see Exhibit B).

    b.  Defendant violated *§1692d(2)* of the FDCPA when Defendant by using abusive and offensive language when speaking with Plaintiff.

    c.  Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d.  Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not permitted by law because it is beyond the statute of limitations.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, PAUL WILSON, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Verified

- 4 -

Complaint as the allegations in Count II of Plaintiff's Verified Complaint.

25. Defendant violated the RFDCPA based on the following:

    a.   Defendant violated *§1788.11(a)* of the RFDCPA by using offensive language when speaking with Plaintiff.

    b.   Defendant violated *§1788.11(d)* of the RFDCPA when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

    c.   Defendant violated *§1788.11(e)* of the RFDCPA when Defendant placed collection calls to Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances.

    d.   Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

26. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, PAUL WILSON, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

27. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

28. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

29. Actual damages,

30. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*, and

31. Any other relief that this Honorable Court deems appropriate.

VERIFIED COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PAUL WILSON, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: October 21, 2008                KROHN & MOSS, LTD

By: _____

Nicholas J Bontrager
Attorney for Plaintiff

- 6 -

1   **VERIFICATION OF COMPLAINT AND CERTIFICATION**

2   STATE OF CALIFORNIA

3       Plaintiff, PAUL WILSON, states as follows:

4   1.   I am the Plaintiff in this civil proceeding.
    2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe
5        that all of the facts contained in it are true, to the best of my knowledge, information
         and belief formed after reasonable inquiry.
6   3.   I believe that this civil Complaint is well grounded in fact and warranted by existing
         law or by a good faith argument for the extension, modification or reversal of existing
7        law.
    4.   I believe that this civil Complaint is not interposed for any improper purpose, such as
8        to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
         needless increase in the cost of litigation to any Defendant(s), named in the
9        Complaint.
    5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
10  6.   Each and every exhibit I have provided to my attorneys which has been attached to
         this Complaint is a true and correct copy of the original.
11  7.   Except for clearly indicated redactions made by my attorneys where appropriate, I
         have not altered, changed, modified or fabricated these exhibits, except that some of
12       the attached exhibits may contain some of my own handwritten notations.

13       Pursuant to 28 U.S.C. § 1746(2), I, PAUL WILSON, hereby declare (or certify,
    verify or state) under penalty of perjury that the foregoing is true and correct.
14

15  DATE: ¡@@\2@\¿øø⁶

16                                           PAUL WILSON

17

18

19

20

21

22

23

24

25

- 7 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

VERIFIED COMPLAINT









**<u>EXHIBIT B</u>**

VERIFIED COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES / NO
2. Fear of answering the telephone — YES / NO
3. Nervousness — YES / NO
4. Fear of answering the door — YES / NO
5. Embarrassment when speaking with family or friends — YES / NO
6. Depressions (sad, anxious, or "empty" moods) — YES / NO
7. Chest pains — YES / NO
8. Feelings of hopelessness, pessimism — YES / NO
9. Feelings of guilt, worthlessness, helplessness — YES / NO
10. Appetite and/or weight loss or overeating and weight gain — YES / NO
11. Thoughts of death, suicide or suicide attempts — YES / NO
12. Restlessness or irritability — YES / NO
13. Headache, nausea, chronic pain or fatigue — YES / NO
14. Negative impact on my job — YES / NO
15. Negative impact on my relationships — YES / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _Just a very annoying getting scanned for a 20yr old bad debt. Inte of causing tension + arguments with my wife causing a negative impact en my credit._

   Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10/20/2008

_____
Signed Name

_____
Printed Name